141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin Bigornia CABAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70794.
INS No. Ayf-upc-ijy.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Benjamin Bigornia Cabal, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") denial of his application for asylum under 8 U.S.C. § 1158(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 We review the BIA's factual determinations for substantial evidence and we will affirm unless there is compelling evidence requiring a contrary result. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Accepting the testimony in support of Cabal's application as true,[2] we conclude that Cabal failed to establish past persecution and that his fear of persecution is not well-founded.[3] First, Cabal was never detained, jailed, or physically harmed. See Desir v. Ilchert, 840 F.2d 723, 726-27, 728 n. 5 (9th Cir.1988).
 
 
 5
 Second, Cabal's contention that he has been targeted by the NPA for actions undertaken as a civilian government official does not implicate persecution on account of political opinion or membership in a particular social group. See Chanco v. INS, 82 F.3d 298, 302-03 (9th Cir.1996) (stating that dangers arising from employment as a military officer do not give rise to persecution on account of the enumerated grounds). Third, Cabal lived safely in his home town before obtaining a visa. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991). Finally, Cabal's family continues to live unharmed in the Philippines. See Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996).
 
 
 6
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that Cabal possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a
 
 
 [2]
 For purposes of analysis, the BIA assumed without deciding, that the testimony before the IJ was credible
 
 
 [3]
 Cabal contends that the IJ erred by excluding certain evidence. This contention lacks merit. The exclusion of Exhibits 2A-2D and Ms. Quitoriano's declaration was not prejudicial. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990)